**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

Plaintiff,

v.

Martrell Devon Burns,

Defendant.

Case No. 18-cr-76 (WMW/TNL)

**ORDER**

---

Benjamin Bejar, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for the Government); and

Shannon R. Elkins, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis MN 55415 (for Defendant Martrell Devon Burns).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, following a hearing held June 13, 2018, (ECF No. 30), on the following motions:

1. The Government's Motion for Discovery, (ECF No. 14);
2. Defendant's Pretrial Motion for Disclosure of 404 Evidence, (ECF No. 18);
3. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, (ECF No. 19);
4. Defendant's Pretrial Motion for Discovery and Inspection, (ECF No. 20);
5. Defendant's Motion for Early Disclosure of Jencks Act Material, (ECF No. 21); and
6. Defendant's Pretrial Motion for Rule 16 Discovery Regarding Forensic Testing and Experts, (ECF No. 22).

Based upon the record, memoranda, oral arguments of counsel, and the agreement of the parties as noted at the hearing and in their respective briefs, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery, (ECF No. 14), is **GRANTED** as follows: The Government moves for evidence pursuant to Fed. R. Crim. P. 12.1, 12.2, 12.3, 16, and 26.2. At the hearing, Defendant offered no opposition to the motion. (June 13, 2018 Hearing Transcript 5:8–12, ECF No. 34). Therefore, the Government's motion is granted; Defendant shall comply with his obligations under the Federal Rules of Criminal Procedure.

2. Defendant's Pretrial Motion for Disclosure of 404 Evidence, (ECF No. 18), is **GRANTED IN PART and DENIED IN PART** as follows: Defendant requests that the Government "immediately disclose any 'bad act' or 'similar course of conduct' evidence it intends to offer at trial pursuant to Rule 404 of the Federal Rules of Evidence." The Government indicates it is aware of its obligations under Rule 404 and proposes a deadline of two weeks prior to trial for Rule 404(b) disclosures. (Gov't Resp., at 1, ECF No. 25). At the hearing, Defendant had no objection to the two-week deadline. (Tr. 5:13–21).

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense; the rule does not prevent

admission of other wrongful conduct that is intrinsic to the charged offense." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010) (citations omitted). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006) (citation omitted).

Therefore, no later than 14 days prior to trial, the Government shall provide reasonable notice of all extrinsic evidence then known to the Government that it intends to offer at trial within the purview of Fed. R. Evid. 404(b). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.

3. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, (ECF No. 19), is **GRANTED IN PART and DENIED IN PART** as follows: Defendant seeks favorable evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Government indicates it has complied with its obligations under these authorities and will continue to comply. (Gov't Resp., at 2). Therefore, the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence. To the extent that Defendant's motion seeks discovery and disclosures outside the Government's obligations under these authorities or one of the Rules, it is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery. In most circumstances, then, a defendant must point to a statute, rule of

criminal procedure, or other entitlement to obtain discovery from the government") (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)).

4. Defendant's Pretrial Motion for Discovery and Inspection, (ECF No. 20), is **GRANTED** as follows: Defendant notes that the Government has provided some discovery, but some may still remain to be disclosed. Therefore, Defendant moves for production of: his statements; his criminal record; inspection and copying of physical evidence and documents; inspection and copying of the results of tests or examinations; and a written summary of expert testimony. The Government responds that it has already provided discovery pursuant to Fed. R. Crim. P. 16(a)(1)(A)–(F). (Gov't Resp., at 5). The Government also indicates it is aware of its ongoing obligations to disclose discovery. (Gov't Resp., at 5). Therefore, Defendant's motion is granted to the extent it does not seek evidence beyond the scope of Fed. R. Crim. P. 16 and Fed. R. Evid. 702, 703, 705. *See Johnson*, 228 F.3d at 924 (citing *Weatherford*, 429 U.S. at 559).

5. Defendant's Motion for Early Disclosure of Jencks Act Material, (ECF No. 21), is **DENIED** as follows: Defendant seeks Jencks Act materials at least two weeks prior to trial. The Government objects to Court-ordered disclosure of Jencks Act materials. (Gov't Resp., at 5–7). At the hearing, the parties discussed exchanging Jencks Act materials three days prior to trial, but the Government maintained its objection to a court-ordered disclosure of said materials. (Tr. 6:18–7:11).

"The Jencks Act requires that the prosecutor disclose any statement of a witness in the possession of the United States which relates to the subject testified to by the witness on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992).

"Although the United States need not produce Jencks statements prior to a witness' testimony on direct examination, the United States may agree to early discovery of Jencks material." *Id.* at 741 n.2. The Government has not agreed to early disclosure of Jencks Act material in this case. While the Court expects the Government to provide materials sufficiently in advance so as to prevent delays in trial, the Court will not order their disclosure at this time. Therefore, Defendant's motion is denied.

6. Defendant's Pretrial Motion for Rule 16 Discovery Regarding Forensic Testing and Experts, (ECF No. 22), is **GRANTED** as follows: Defendant moves, pursuant to Rule 16(a)(1)(F), (G), for disclosure of expert witnesses and their reports. At the hearing, the parties noted that the Government has provided its expert report and the parties agreed to a 14-day disclosure deadline. (Tr. 7:12–8:3). Therefore, the parties shall make their expert disclosures no later than 14 days prior to trial. *See* Fed. R. Crim. P. 16(a)(1)(G); *see* Fed. R. Crim. P. 16 advisory committee's notes, 1993 Amendments ("Although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion.").

7. All prior consistent orders remain in full force and effect.

[Continued on next page.]

8. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions, and the like.

Date: September 4, 2018

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Burns*
Case No. 18-cr-76 (WMW/TNL)