UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 18-cr-0076 (WMW/TNL) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Martrell Devon Burns, | |
| Defendant. | |

This matter is before the Court on the September 4, 2018 Report and Recommendation (R&R) of United States Magistrate Judge Tony N. Leung, (Dkt. 43), which recommends denying Defendant Martrell Devon Burns's motion to suppress evidence. Burns filed a timely objection to the R&R, (Dkt. 44), and Plaintiff United States of America filed a response, (Dkt. 45). For the reasons addressed below, the Court overrules Burns's objection, adopts the R&R, and denies Burns's motion to suppress.

**BACKGROUND[1]**

On March 13, 2018, police responded to a shooting in St. Paul. The shooting victim told officers that the person who shot them was Delaquay Williams. The person also told police that Williams left the scene driving a white Audi and provided a license plate number for the vehicle, which was 260JJH. Police in St. Paul had been attempting to arrest Williams for some time.

---

[1]     The R&R includes detailed findings of fact that the Court need not repeat at length. This summary is based on the Court's review of the record and is limited to facts necessary to resolve the issue before the Court.

Aside from the March 13 shooting, Williams was wanted for other shootings and for fleeing police on more than one occasion. Police considered Williams to be armed and dangerous.

Officers located a white Audi with license plate number 260JJH parked in a St. Paul neighborhood the next day, March 14. Police began to surveil the white Audi. Around 2:00 p.m. that afternoon, a woman exited a nearby building, got in the Audi, and drove away. About 30 minutes later, the Audi returned. The woman, a child, and a man got out of the car. An officer testified that the man fit Williams's description.

Believing that the man was Williams, a sergeant ordered officers to move in and arrest him. The man fled on foot, and a chase ensued. The man threw an object in the snow as he ran. Officers believed and later confirmed that the object was a gun. Officers apprehended the man, at which point they discovered that the man was not Williams, but was Martrell Burns. Officers were also familiar with Burns from previous contacts, but testified that they did not have a clear view of his face until after they stopped him. Multiple officers also testified that Burns and Williams had similar physical characteristics and that they believed they were apprehending Williams up until the point that they stopped Burns. Burns was later charged with being a felon in possession of a firearm.

## ANALYSIS

Burns objects to the R&R's conclusion that the police had reasonable suspicion to stop him. The Court reviews his objection de novo. *See* 28 U.S.C. § 636(b)(1)(C); *accord* LR 72.2(b)(3).

The Fourth Amendment to the United States Constitution guarantees the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV. A warrantless seizure is *per*

*se* unreasonable, subject to certain specifically established and well-delineated exceptions. *See Katz v. United States*, 389 U.S. 347, 357 (1967). Under the exception established in *Terry v. Ohio*, 392 U.S. 1 (1968), police may briefly stop and seize a person if they have reasonable, articulable suspicion that the person was involved with or is wanted in connection with a crime. *United States v. Rush*, 651 F.3d 871, 876 (8th Cir. 2011). A court reviewing the validity of a stop examines whether an officer's actions were objectively reasonable under the circumstances reasonably known to the officer at the time. *United States v. Smart*, 393 F.3d 767, 770 (8th Cir. 2005). In cases involving a mistake of law or fact, the Court simply evaluates whether the mistake was an objectively reasonable one under the circumstances. *Id.*

Here, officers made a mistake of fact. They believed they were stopping Williams when, in fact, they apprehended Burns. The mistake was objectively reasonable. The evidence shows that Burns and Williams look physically similar. Both are black men, approximately 6 feet tall, of medium builds, with long dreadlocks. Officers observed Burns getting out of the same vehicle, with a matching license plate, that the shooting victim from the previous night identified as the vehicle that Williams drove after the shooting. Burns was wearing heavy winter clothing, and his dreadlocks obscured his face. Each officer involved in the surveillance and detention of Burns independently and unequivocally testified that they believed they were pursuing Williams.

Even if officers were not sure that they were pursuing Williams, they had reasonable suspicion to stop Burns. The fact that Burns immediately fled upon being approached by police "is a pertinent factor in determining reasonable suspicion." *See Illinois v. Wardlow*, 528 U.S. 119, 124-25 (2000) ("Headlong flight—wherever it occurs—is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such."). Further,

that Burns threw an object that appeared to be a gun while running from the police is another

factor that supports the existence of reasonable suspicion. *See United States v. Dupree*, 202 F.3d

1046, 1049 (8th Cir. 2000) (concluding that officers had reasonable suspicion to stop a man who,

in addition to taking "headlong flight," dropped an object off a bridge while evading police).

For these reasons, the Court concludes that the police had reasonable suspicion to stop

Burns, and that the stop was objectively reasonable.  Accordingly, the Court overrules Burns's

objection, adopts the R&R, and denies Burns's motion to suppress.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS**

**HEREBY ORDERED**:

1.      Defendant Martrell Devon Burns's objection to the September 4, 2018 R&R,

(Dkt. 44), is **OVERRULED**.

2.      The September 4, 2018 R&R, (Dkt. 43), is **ADOPTED**.

3.      Defendant Martrell Devon Burns's motion to suppress evidence, (Dkt. 23), is

**DENIED**.


Dated:  November 1, 2018                                  s/Wilhelmina M. Wright
                                                         Wilhelmina M. Wright
                                                         United States District Judge