UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Martrell Devon Burns,<br><br>Defendant. | Case No. 18-cr-0076 (WMW/TNL)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR TRANSCRIPTS AND CASE FILE** |

Before the Court is Defendant Martrell Devon Burns's motion for the production of transcripts and case file at the government's expense. (Dkt. 78.) Burns requests the Court to direct his former, court-appointed defense counsel to make such production or, alternatively, to order such production to "assist [him] in drafting" *pro se* motions on appeal and in habeas corpus proceedings. The Court denies Burns's motion for the reasons addressed below.

**BACKGROUND**

On December 6, 2018, Burns pleaded guilty to one count of felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court sentenced Burns to 70 months in prison and ordered the forfeiture of the firearm. Burns was represented during these criminal proceedings by his court-appointed counsel, Shannon Elkins. On June 24, 2019, Burns filed a *pro se* motion seeking the production of the transcripts and case file in this criminal matter. Burns's motion is unopposed.

**ANALYSIS**

Burns seeks copies of various transcripts and materials in his case file at the government's expense to "assist [him] in drafting" *pro se* motions on appeal and in habeas corpus proceedings. As Burns is proceeding *pro se* on this motion, the Court liberally construes his motion and the accompanying pleading. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## I. Court Proceeding Transcripts

A defendant in a federal criminal case is not automatically entitled to free copies of transcripts for use in his or her appeal or habeas corpus proceedings. *See Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993) ("[W]hether the appellant is entitled to a free transcript depends on whether he satisfied the requirements of [28 U.S.C. §] 753(f)."). Rather, Burns's request is governed by 28 U.S.C. § 753(f), which provides:

> Fees for transcripts furnished in *[habeas] proceedings brought under section 2255 of this title* to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished *in other proceedings* to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

*Id.* (emphases added).

By its express terms, Section 753(f) is not implicated until the defendant has filed an appeal or a habeas corpus petition and has been granted leave to proceed in forma pauperis. *See id.*; *United States v. Barnett*, 389 F. App'x 575, 575 (8th Cir. 2010) (per

2

curiam) (holding that defendant is not entitled to copies of court records at government expense in advance of filing a habeas petition); *Maus v. Baker*, 729 F.3d 708, 709 (7th Cir. 2013) ("[Section 753(f)] allows an appellant . . . to obtain a transcript without charge only if he is proceeding in forma pauperis."). After these initial showings are made, the indigent defendant seeking transcripts at the government's expense must also establish his or her entitlement to such materials by establishing that the transcripts are required to decide the issues presented by a non-frivolous habeas corpus petition or, in the case of an appeal, that "the appeal is not frivolous (but presents a substantial question)." *See* 28 U.S.C. § 753(f); *United States v. Losing*, 601 F.2d 351, 353 (8th Cir. 1979) (per curiam) (holding that a prisoner may receive free transcripts "only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case"); *Maloney v. E. I. DuPont de Nemours & Co.*, 396 F.2d 939, 940 (D.C. Cir. 1967) (per curiam) ("Before a free transcript can be furnished . . ., the appeal must be permitted in *forma pauperis*, and the required certification must be made."). None of these conditions is met in this case.

Burns has not filed an appeal with the United States Court of Appeals for the Eighth Circuit or a habeas corpus petition with this Court. Nor has he been granted leave—by either this Court or the Eighth Circuit—to proceed in forma pauperis. And Burns's motion papers do not provide any information about the claims that Burns intends to file in support of his appeal or habeas corpus petition.[1] As a result, the Court cannot determine whether

---

[1] Although Burns asserts that he needs the transcripts to "assist [him] in drafting" *pro se* motions on appeal or in habeas corpus proceedings, it does not appear that he has established an arguable basis for an appeal or petition. Burns, however, "is not entitled to a transcript at government expense without a showing of the need, merely to comb the

3

Burns's appeal or petition would be frivolous or whether the transcripts he requests would be needed to decide an issue relevant to any petition. *See Losing*, 601 F.2d at 353 ("[A] prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and . . . constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case.").

Burns has failed to satisfy any of the conditions necessary for the production of transcripts at the government's expense under 28 U.S.C. § 753(f). Accordingly, the Court denies Burns's motion as to his request for free transcripts. Burns may re-submit the motion to seek those materials after he has filed a non-frivolous appeal or habeas corpus petition and has been granted leave to proceed in forma pauperis. Until then, his motion is premature and is denied without prejudice.

## II. Defense Case File

Burns also seeks the production of the defense case file, including investigative reports, if any, at no cost to him. Burns contends that his former defense counsel, Shannon Elkins, has an obligation, under the local rules of professional conduct, to provide him with a copy of his case file free of charge. Accordingly, he seeks an order requiring Elkins to do so.

---

record in the hope of discovering some flaw." *Culbert v. United States*, 325 F.2d 920, 922 (8th Cir. 1964) (internal quotation marks omitted). Moreover, in his plea agreement, Burns expressly waived his rights to file a postconviction petition, such as a Section 2255 petition, contesting his conviction or sentence. Thus, Burns does not appear to have a genuine need for any court transcripts to support such a motion.

As an initial matter, the Minnesota Rules of Professional Conduct entitle Burns to copies of "all pleadings, motions, discovery, memoranda, correspondence and other litigation materials which have been drafted and served or filed" in this matter, as well as "all items for which the lawyer has agreed to advance costs and expenses . . . including depositions, expert opinions and statements, business records, witness statements, and other materials that may have evidentiary value." Minn. R. Prof. Conduct 1.16(e)(2). Pursuant to Rule 1.16(d), Elkins was required to return these materials to him upon termination of her representation of Burns in this matter. *See id.* ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . surrendering papers and property to which the client is entitled . . . ."); LR 83.6(a) ("An attorney who is admitted to the court's bar or who otherwise practices before the court must comply with the Minnesota Rules of Professional Conduct, which are adopted as the rules of this court.").

Burns evidently is entitled to some, if not all, of the materials he is seeking to the extent that they exist and have been kept in his case file. But it does not appear that Burns needs a court order to obtain copies of these materials. He can simply request them from his former counsel. Nothing in the record suggests that Elkins did not, or has refused to, return the case file to Burns.

Accordingly, Burns has not demonstrated the need for a court order with regard to the production of his defense case file. For this reason, the Court denies Burns's motion without prejudice so as to allow Burns to request the case file directly from his former counsel and return to court only if his efforts prove unsuccessful.

**ORDER**

Based on the foregoing analysis and all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that Defendant Martrell Devon Burns's motion for transcripts and case file, (Dkt. 78), is **DENIED WITHOUT PREJUDICE**.


Dated:  September 17, 2019                                s/Wilhelmina M. Wright    
                                                                                   Wilhelmina M. Wright
                                                                                   United States District Judge